```
FILED

AUG 13 2024

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ MM _____ DEPUTY
```

1  TARA K. McGRATH
   United States Attorney
2  ALLISON ROGGE
   Assistant U.S. Attorney
3  Texas State Bar No. 24132874
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, CA 92101
5  Tel: (619) 546-7972

6  Attorneys for Plaintiff

7              UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9  UNITED STATES OF AMERICA,          Case No.   24CR1298-RBM
                                                  ~~24MJ2059-DDL~~
10           Plaintiff,

11      v.                            PLEA AGREEMENT

12  JOSE ANGEL GIRON RODAS,           (Pre-Indictment
                                       Fast-Track Program)
13           Defendant

14      IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA,

15  through its counsel, Tara K. McGrath, United States Attorney, and

16  Allison Rogge, Assistant United States Attorney, and defendant,

17  JOSE ANGEL GIRON RODAS, with the advice and consent of Brian White,

18  counsel for defendant, as follows:

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

ARBO:sc:6/13/24                              Def. Initials ___

# I

## THE PLEA

### A.    THE CHARGE

Defendant agrees to waive Indictment and plead guilty to a single-count Information charging defendant with:

> On or about May 23, 2024, within the Southern District of California, defendant, JOSE ANGEL GIRON RODAS, knowing and in reckless disregard of the fact that an alien, namely, Miguel Angel Aquino Porras, had come to, entered and remained in the United States in violation of law, did knowingly transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii).

### B.    EARLY DISPOSITION (FAST-TRACK) PROGRAM

The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the Government herein, defendant agrees further as follows:

1.    Defendant will not file any substantive motions (including those described in Fed. R. Crim. P. 12 and shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless defendant has entered a guilty plea in open Court; and,

2.    Upon acceptance of defendant's guilty plea by the District Court, and not withstanding any preservation order(s) entered by the District Court, the Government need not hold or preserve any evidence seized in connection with this case, including but not limited to:

a. Any cellular device(s); and

b. Any vehicle(s).

//

//

//

2

Def. Initials Jb
CR

3.    Upon acceptance of defendant's guilty plea by the District Court, defendant will not oppose any motion by the Government to move that the Court lift or revoke any preservation order.

C.    FORFEITURE

Defendant further agrees to the administrative and/or civil forfeiture of all properties seized in connection with this case which defendant agrees are subject to forfeiture to the United States pursuant to 8 U.S.C. § 1324(b). Defendant further waives defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims defendant's interest, if any, in the properties to be forfeited as described above. Defendant further agrees not to contest or to assist any other person or entity in contesting the forfeiture of the property(ies) seized in connection with this case. By signing this plea agreement, defendant is hereby withdrawing any, and all claims and any, and all petitions relating to or arising from the seizures and forfeiture of properties in connection with this case.

D.    DISMISSAL OF THE REMAINING COUNTS

The Government agrees to (1) move to dismiss the remaining counts without prejudice when defendant is sentenced, and (2) not prosecute defendant thereafter on such dismissed charge(s) unless defendant breaches the plea agreement, or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If defendant breaches this agreement or the guilty plea is set aside, Section XII below shall apply.

E.    NO PROSECUTION ON THE MANDATORY MINIMUM COUNT

In exchange for defendant's guilty plea and provided defendant complies fully with all terms of this plea agreement, the Government

3

Def. Initials _J6_
_____
CR _____

agrees not to charge defendant with additional counts in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), which carries a mandatory minimum sentence.

## II

## NATURE OF THE OFFENSE

C.  ELEMENTS EXPLAINED

The offense to which defendant is pleading guilty has the following elements:

1.  The person specified in the count was an alien.

2.  The person specified in the count was not lawfully in the United States.

3.  Defendant knew or acted in reckless disregard of the fact that the person specified in the count was not lawfully in the United States.

4.  Defendant knowingly transported or moved the person specified in the count in order to help that person remain in the United States illegally.

B.  ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel.  Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea.  The following facts are true and undisputed:

1.  Miguel Angel Aquino Porras was an alien, and not a citizen or national of the United States, who was not lawfully in the United States.

2.  Defendant knew, or acted in reckless disregard of the fact, that Miguel Angel Aquino Porras was not lawfully in the United States.

3.  On May 23, 2024, defendant knowingly transported or moved Miguel Angel Aquino Porras without legal status within the Southern District of California in order to help that person remain in the United States illegally.

4.  Defendant and Miguel Angel Aquino Porras were apprehended near Tecate, California.

4

Def. Initials _____
CR _____

5.   During the transportation or movement of the aliens on the offense date, defendant failed to yield to law enforcement when there was an attempted vehicle stop.

6.   Miguel Angel Aquino Porras was having others pay on his behalf $7,000 to others to be brought into the United States illegally and/or transported or moved illegally to his destination therein.

## III

### PENALTIES

The crime to which defendant is pleading guilty carries the following penalties:

A.   A maximum 5 years in prison;

B.   A maximum $250,000.00 fine;

C.   A mandatory special assessment of $100.00 per count;

D.   Unless the Sentencing Court finds the defendant to be indigent, an additional mandatory special assessment of $5,000.00 per count;

E.   A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison, upon any such revocation, all or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release; and

F.   Possible ineligibility for certain Federal benefits.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS
### AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives defendant's right at trial to:

A.   Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.   A speedy and public trial by jury;

C.   The assistance of counsel at all stages of trial;

D.   Confront and cross-examine adverse witnesses;

Def. Initials J̶b̶
_____ CR

E.    Testify and present evidence and to have witnesses testify on behalf of defendant; and

F.    Not testify or have any adverse inferences drawn from the failure to testify.

Defendant has been advised by counsel and understands that because defendant is not a citizen of the United States, defendant's conviction in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future.

**V**

**DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE**

**PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION**

Any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty, defendant will not be provided this information, if any, and defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack on the existence of this information.

//
//
//
//

Def. Initials 
_____
CR

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY
### PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea;

B.   No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court;

C.   No one has threatened defendant or defendant's family to induce this guilty plea; and,

D.   Defendant is pleading guilty because defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE,
### SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//
//
//

Def. Initials ᒍ᠍Ɓ
_____CR

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge the presentence report. **Defendant agrees to request that a presentence report be prepared.** Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what defendant's sentence will be. The Government has not made and will not make any representation as to what sentence defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is **not binding on the Court**. Any recommendation made by the Government at sentencing is also not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, defendant will not withdraw

8

Def. Initials _____

CR _____

the plea.

**X**

**PARTIES' SENTENCING RECOMMENDATIONS**

A.    SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one of the factors the court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

1.   Base Offense Level [USSG § 2L1.1(a)(3)]          12

2.   Prior Immigration Felony [USSG § 2L1.1(b)(3)]     *

3.   Dangerous Weapon [2L1.1(b)(5)]

4.   Substantial Risk [USSG § 2L1.1(b)(6)]       18/+2[1]
     (Increase by 2 levels, but if the resulting
     offense level is less than level 18,
     increase to level 18)

5.   Acceptance of Responsibility [USSG § 3E1.1]   -2/3

6.   Departure for Fast Track [USSG § 5K3.1]      -2**

*There is no agreement regarding defendant's criminal history category. However, if defendant has previously sustained a conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment, pursuant to USSG § 2L1.1(b)(3)(A). If defendant has previously sustained two or more such felony immigration convictions, the parties will recommend a +4 adjustment, pursuant to USSG § 2L1.1(b)(3)(B).

**The Government reserves the right to reduce its recommended fast track departure if defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or

---

[1]  The parties are free to argue for the applicability of the Specific Offense Characteristic, pursuant to USSG § 2L1.1(b)(6).

9

Def. Initials _____

CR _____

1  **sentencing is continued on the Court's own motion.**

2    B.    ACCEPTANCE OF RESPONSIBILITY

3    Despite paragraph A above, the Government need not recommend an

4  adjustment for Acceptance of Responsibility if defendant engages in

5  conduct inconsistent with acceptance of responsibility including, but

6  not limited to, the following:

7        1.    Fails to truthfully admit a complete factual basis as
               stated in the plea at the time the plea is entered, or

8              falsely denies, or makes a statement inconsistent with,
               the factual basis set forth in this agreement;

9

10       2.    Falsely denies prior criminal conduct or convictions;

11       3.    Is untruthful with the Government, the Court or probation
               officer; or

12       4.    Breaches this plea agreement in any way.

13   C.    FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS
           INCLUDING THOSE UNDER 18 U.S.C. § 3553

14

15   Defendant may request or recommend additional downward adjustments,

16  departures, or variances from the Sentencing Guidelines under 18 U.S.C.

17  § 3553.  The Government will oppose any downward adjustments, departures,

18  or variances not set forth in Section X, paragraph A above.

19   D.    NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

20   The parties have **no** agreement as to defendant's Criminal History

21  Category, except that, if defendant is determined to be a Career

22  Offender, the parties agree that defendant is automatically a Criminal

23  History Category VI pursuant to USSG § 4B1.1(b).

24   E.    "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

25   The facts in the "factual basis" paragraph of this agreement are

26  true and may be considered as "relevant conduct" under USSG § 1B1.3 and

27  as the nature and circumstances of the offense under 18 U.S.C.

28  § 3553(a)(1).

10

Def. Initials _____
CR _____

1 | //

2 **F.   PARTIES' RECOMMENDATIONS REGARDING CUSTODY**

3 The Government agrees to recommend that defendant be sentenced to
4 the greater of the low end of the advisory guideline range as calculated
5 by the Government, 90 days in custody, or the time served in custody at
6 the time of sentencing.

7 **G.   SPECIAL ASSESSMENTS AND FINE**

8 The parties will jointly recommend that defendant pay a special
9 assessment in the amount of $100.00 per felony count of conviction to
10 be paid forthwith at time of sentencing.

11 In addition, unless the sentencing court finds defendant to be
12 indigent, the parties also will jointly recommend that defendant pay an
13 additional special assessment in the amount of $5,000 per count of
14 qualifying conviction, which shall not be payable until defendant
15 satisfies all outstanding fines, orders of restitution, and any other
16 obligation in this case related to victim-compensation. Special
17 assessments shall be paid through the office of the Clerk of the District
18 Court by bank or cashier's check, or money order made payable to the
19 "Clerk, United States District Court."

20 The parties will not recommend imposition of a fine due to
21 defendant's limited financial prospects and because the cost of
22 collection, even taking into account the Inmate Responsibility Program,
23 likely would exceed the amounts that could reasonably be expected to be
24 collected.

25 **H.   SUPERVISED RELEASE**

26 The Government is free to recommend a period of supervised release.
27 If the Court imposes a term of supervised release, defendant will not
28 seek to reduce or terminate early the term of supervised release until

11

Def. Initials
CR

1  defendant has served at least two-thirds of the term of supervised
2  release and has fully paid and satisfied any special assessments, fine,
3  criminal forfeiture judgment, and restitution judgment.

4                                      XI

5                **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

6      Defendant waives (gives up) all rights to appeal and to collaterally
7  attack every aspect of the conviction and sentence, including any
8  restitution order.  This waiver includes, but is not limited to, any
9  argument that the statute of conviction or defendant's prosecution is
10  unconstitutional and any argument that the facts of this case do not
11  constitute the crime charged.  The only exceptions are 1) defendant may
12  appeal a custodial sentence above the high end of the guideline range
13  recommended by the Government at sentencing (if USSG § 5G1.1(b) applies,
14  the high end of the range will be the statutorily required mandatory
15  minimum sentence), and 2) defendant may collaterally attack the
16  conviction or sentence on the basis that defendant received ineffective
17  assistance of counsel. If defendant appeals, the Government may support
18  on appeal the sentence or restitution order actually imposed.

19                                     XII

20                    **BREACH OF THE PLEA AGREEMENT**

21      Defendant and defendant's attorney know the terms of this agreement
22  and shall raise, before the sentencing hearing is complete, any claim
23  that the Government has not complied with this agreement. Otherwise,
24  such claims shall be deemed waived (that is, deliberately not raised
25  despite awareness that the claim could be raised), cannot later be made
26  to any court, and if later made to a court, shall constitute a breach
27  of this agreement.

28  //

                                    12

                                                Def. Initials _____
                                                _____ CR

1  //

2      Defendant breaches this agreement if defendant violates or fails

3  to perform any obligation under this agreement. The following are non-

4  exhaustive examples of acts constituting a breach:

5      A.    Failing to plead guilty pursuant to this agreement;

6      B.    Failing to fully accept responsibility as established in
           Section X, paragraph B, above;

7

8      C.    Failing to appear in court;

9      D.    Attempting to withdraw the plea;

10      E.    Failing to abide by any court order related to this case;

11      F.    Appealing (which occurs if a notice of appeal is filed) or
           collaterally attacking the conviction or sentence in violation
           of Section XI of this plea agreement; or

12

13      G.    Engaging in additional criminal conduct from the time of
           arrest until the time of sentencing.

14      If defendant breaches this plea agreement, defendant will not be

15  able to enforce any provisions, and the Government will be relieved of

16  all its obligations under this plea agreement. For example, the

17  Government may proceed to sentencing but recommend a different sentence

18  than what it agreed to recommend above. Or the Government may pursue any

19  charges including those that were dismissed, promised to be dismissed,

20  or not filed as a result of this agreement (defendant agrees that any

21  statute of limitations relating to such charges is tolled indefinitely

22  as of the date all parties have signed this agreement; defendant also

23  waives any double jeopardy defense to such charges). In addition, the

24  Government may move to set aside defendant's guilty plea. Defendant may

25  not withdraw the guilty plea based on the Government's pursuit of

26  remedies for defendant's breach.

27      Additionally, if defendant breaches this plea agreement: (i) any

28  statements made by defendant, under oath, at the guilty plea hearing

Def. Initials 5B

CR

1  (before either a Magistrate Judge or a District Judge); (ii) the factual
2  basis statement in Section II.B in this agreement; and (iii) any evidence
3  derived from such statements, are admissible against defendant in any
4  prosecution of, or any action against, defendant. This includes the
5  prosecution of the charge(s) that is the subject of this plea agreement
6  or any charge(s) that the prosecution agreed to dismiss or not file as
7  part of this agreement, but later pursues because of a breach by the
8  Defendant.  Additionally,  defendant  knowingly,  voluntarily,  and
9  intelligently waives any argument that the statements and any evidence
10 derived from the statements should be suppressed, cannot be used by the
11 Government, or are inadmissible under the United States Constitution,
12 any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of
13 the Federal Rules of Criminal Procedure, and any other federal rule.

14                                **XIII**

15                **CONTENTS AND MODIFICATION OF AGREEMENT**

16      This plea agreement embodies the entire agreement between the
17 parties and supersedes any other agreement, written or oral. No
18 modification of this plea agreement shall be effective unless in writing
19 signed by all parties.

20                                 **XIV**

21           **DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT**

22      By signing this agreement, defendant certifies that Defendant has
23 read it (or that it has been read to defendant in defendant's native
24 language). Defendant has discussed the terms of this agreement with
25 defense counsel and fully understands its meaning and effect.
26 //
27 //
28 //

                                  14


Def. Initials ____
        CR ____

1 | //
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

15

Def. Initials ___

CR ___

1

**XV**

2

**DEFENDANT SATISFIED WITH COUNSEL**

3      Defendant has consulted with counsel and is satisfied with

4 counsel's representation.  This is defendant's independent opinion, and

5 defendant's counsel did not advise defendant about what to say in this

6 regard.

7                                     Respectfully submitted,

8                                     TARA K. McGRATH
                                      United States Attorney
9

10        7/22/2024                   _Allison B. Rogge_

11 _____        _____
   DATED                             ALLISON ROGGE
12                                    Assistant U.S. Attorney

13   7-19-24

14 _____        _____
   DATED                             BRIAN WHITE
15                                    Defense Counsel

16 **IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER**
   **PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE**
17 **ARE TRUE.**

18   7.19.24

19 _____        _____
   DATED                             JOSE ANGEL GIRON RODAS
20                                    Defendant

21 Approved by:

22

   _/s/ CHARLOTTE E. KAISER_
23 CHARLOTTE E. KAISER
   Assistant U.S. Attorney
24
   1/19/2024 cek
25

26

27

28
                                16

                                      Def. Initials _JG_
                                      _____
                                      CR